UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

CHRISTIAN RAMOS LOPEZ,

           Petitioner,

           v.

OSCAR AVILES, et al.,

           Respondents.

Civil Action No. 13-3106 (JLL)

**OPINION**

**APPEARANCES:**

**CHRISTIAN RAMOS LOPEZ**, Petitioner pro se
269927
Hudson County Correctional Center
35 Hackensack Avenue
Kearny, N.J. 07032

**MARK CHRISTOPHER ORLOWSKI**, Counsel for Respondents
Office of the U.S. Attorney
970 Broad Street
Suite 700
Newark, N.J. 07102

**LINARES**, District Judge

Petitioner Christian Ramos Lopez ("Petitioner") an immigration detainee presently confined at the Hudson County Correctional Center in Kearny, New Jersey, has submitted a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241,[1] challenging his mandatory detention during his immigration removal proceedings. The sole respondent is Warden Oscar

---

[1] Section 2241 provides in relevant part: "(a) Writs of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions...(c) The writ of habeas corpus shall not extend to a prisoner unless ... (3) He is in custody in violation of the Constitution or laws or treaties of the United States...."

Aviles. Because it appears from review of the petition that Petitioner is not entitled to the relief he seeks at this time, the Court will deny the petition without prejudice.

## I. BACKGROUND

Petitioner, a native and citizen of Honduras, has been a Lawful Permanent Resident of the United States since May 28, 2006. (Pet. ¶ 9.) On or about May 5, 2010, Petitioner was convicted of four counts of Criminal Sale of Marijuana in the Fourth Degree in the Criminal Court of the City of New York. (Resp't's Answer, Flanagan Decl. ¶ 3.) Petitioner was sentenced to a 30 day term of incarceration for those violations. (*Id.*) On or about May 25, 2012, United States Immigration and Customs Enforcement ("ICE") arrested and detained Petitioner based on his four convictions for the Criminal Sale of Marijuana in the Fourth Degree. (Resp't's Answer, Flanagan Decl. ¶ 3.) Petitioner was served with a Notice to Appear ("NTA") and on June 1, 2012, ICE placed Petitioner in removal proceedings. (*Id.* at ¶ 4.)

The Government provides a summary of the procedural history of Petitioner's removal proceedings which is consistent with this Court's review of the record:

> Thereafter, on June 19, 2012, Petitioner appeared with his attorney for a first master hearing before the Immigration Court, at which time he requested a continuance for further preparation. Petitioner appeared before the Immigration Court again on June 27, 2012 for a second master hearing, and the Immigration Court adjourned the matter for Petitioner to file an application for relief. Petitioner next appeared before the Immigration Court on August 29, 2012 for a third master calendar hearing, and did not at that time file his application for relief. Over ICE's objection, the Immigration Court adjourned the matter to November 7, 2012, and then subsequently further adjourned proceedings…to January 23, 2013. Petitioner appeared with his attorney for a fourth master calendar hearing on January 23, 2013, and once again over ICE's objection, the Immigration Court adjourned the matter to February 22, 2013 for Petitioner to file a relief application. Petitioner's substituted attorney then requested a further adjournment of the February 22, 2013 hearing, until April 3, 2013. On April 3, 2013, Petitioner appeared with his attorney for a fifth master calendar hearing, and the Immigration Court again adjourned the case for Petitioner to file supporting documents. Petitioner appeared again on May 15, 2013 for a sixth master calendar hearing. At that time,

the Immigration Court adjourned the matter for a merits hearing on August 29, 2013, notwithstanding ICE's request for an earlier date. On August 29, 2013, Petitioner was disruptive in connection with his transport to the merits hearing, resulting in a late arrival. As a result, the Immigration Court did not have sufficient time to conduct the hearing, and adjourned the matter for a merits hearing to October 22, 2013. Petitioner, through his attorney, requested by letter dated September 17, 2013, for the Immigration Court to reschedule the October 22, 2013 merits hearing. ICE filed opposition to the request on September 25, 2013.

(Resp't's Answer 7-9) (internal citations omitted). The Immigration Court granted the continuance and the merits hearing was rescheduled for October 25, 2013. (*Id.*, Flanagan Decl. ¶ 12.)

## II. DISCUSSION

### A. Legal Standard

Federal law sets forth the authority of the Attorney General to detain aliens in removal proceedings, both before and after issuance of a final order of removal.

Title 8 U.S.C. § 1226 governs the pre-removal-order detention of an alien. Section 1226(a) authorizes the Attorney General to arrest, and to detain or release, an alien, pending a decision on whether the alien is to be removed from the United States, except as provided in subsection (c). Section 1226(a) provides, in relevant part:

(a) Arrest, detention, and release

On a warrant issued by the Attorney General, an alien may be arrested and detained pending a decision on whether the alien is to be removed from the United States. Except as provided in subsection (c) of this section and pending such decision, the Attorney General-

(1) may continue to detain the arrested alien; and

(2) may release the alien on-

(A) bond of at least $1,500 with security approved by, and containing conditions prescribed by, the Attorney General; or

3

(B) conditional parole; ...

8 U.S.C. § 1226(a).

Certain criminal aliens, however, are subject to mandatory detention pending the outcome of removal proceedings, pursuant to 8 U.S.C. § 1226(c)(1), which provides in relevant part:

The Attorney General shall take into custody any alien who—

(A) is inadmissible by reason of having committed any offense covered in section 1182(a)(2) of this title,

(B) is deportable by reason of having committed any offense covered in Section 1227(a)(2)(A)(ii), (A)(iii), (B), (C), or (D) of this title,

(C) is deportable under section 1227(a)(2)(A)(i) of this title on the basis of an offense for which the alien has been sentence[d] to a term of imprisonment of at least 1 year, or

(D) is inadmissible under section 1182(a)(3)(B) of this title or deportable under section 1227(a)(4)(B) of this title,

when the alien is released, without regard to whether the alien is released on parole, supervised release, or probation, and without regard to whether the alien may be arrested or imprisoned again for the same offense.

8 U.S.C. § 1226(c)(1).

"Post-removal order" detention is governed by 8 U.S.C. § 1231(a). Section 1231(a)(1) requires the Attorney General to attempt to effectuate removal within a 90–day "removal period." The removal period begins on the latest of the following:

(i) The date the order of removal becomes administratively final.

(ii) If the removal order is judicially reviewed and if a court orders a stay of the removal of the alien, the date of the court's final order.

(iii) If the alien is detained or confined (except under an immigration process), the date the alien is released from detention or confinement.

8 U.S.C. § 1231(a)(1)(B). "An order of removal made by the immigration judge at the conclusion of proceedings ... shall become final ... [u]pon dismissal of an appeal by the Board of Immigration Appeals." 8 C.F.R. § 1241.1(a). During the removal period, "the Attorney General shall detain the alien." 8 U.S.C. § 1231(a)(2). Section 1231(a)(6) permits continued detention if removal is not effected within 90 days. However, the Supreme Court has held that such post-removal-order detention is subject to a temporal reasonableness standard. Specifically, once a presumptively-reasonable six-month period of post-removal-order detention has passed, a detained alien must be released if he can establish that his removal is not reasonably foreseeable. *See Zadvydas v. Davis*, 533 U.S. 678 (2001); *Clark v. Martinez*, 543 U.S. 371 (2005).

**B. Analysis**

Petitioner challenges his detention pursuant to pre-removal proceedings under 8 U.S.C. § 1226(c) because he was not taken into ICE custody immediately upon completion of his criminal sentence for a removable offense.

As set forth above, an alien is subject to mandatory detention and subsequently removal or deportation from the United States when he/she:

> ... is deportable by reason of having committed any offense covered in section 1227(a)(2)(A)(iii), (B), (C), or (D) of this title ... when the alien is released, without regard to whether the alien is released on parole, supervised release, or probation, and without regard to whether the alien may be arrested or imprisoned again for the same offense.

8 U.S.C. § 1226(c)(1)(B).

The Third Circuit Court of Appeals recently addressed this exact issue in *Sylvain v. Attorney Gen. of U.S.*, 714 F.3d 150 (3d Cir. 2013). In that case, the court held that "[e]ven if [8 U.S.C. § 1226(c)] calls for detention 'when the alien is released,' and even if 'when' implies something less than four years, nothing in the statute suggests that immigration officials lose

5

authority if they delay. *See Sylvain*, 714 F.3d at 157. Therefore, Petitioner's argument that he is not subject to mandatory detention under 8 U.S.C. § 1226(c) because ICE did not take him into custody immediately upon his release from incarceration for his removeable offense, must fail. *Id.*

In addition, the Court observes that Petitioner does not assert a claim of unreasonably prolonged detention in violation of the Due Process Clause under *Diop v. ICE/Homeland Sec.*, 656 F.3d 221 (3d Cir. 2011) (finding that Diop's nearly three-year detention was unconstitutionally unreasonable and, therefore, a violation of due process). In *Diop*, the Third Circuit concluded that the mandatory detention statute, § 1226(c), implicitly authorizes detention for a reasonable amount of time, after which the authorities must make an individualized inquiry into whether detention is still necessary to fulfill the statute's purposes of ensuring that an alien attends removal proceedings and that his release will not pose a danger to the community. 656 F.3d at 231. Specifically, the Third Circuit found that the 35–month mandatory detention of Diop was unreasonable partly because the immigration judge had committed "numerous errors" that caused the BIA to remand the case three times. *Id.* at 224–26, 234–35.

Nevertheless, the Third Circuit has not set a "universal point" when mandatory detention under § 1226(c) is unreasonable. *See Leslie v. Attorney Gen.*, 678 F.3d 265, 270–71 (3d Cir. 2012) (ultimately finding that Leslie's four-year detention under § 1226(c) was unreasonable because it had been prolonged by the alien's successful appeals, and petitioner should not be punished by continued detention for having pursued these "bona fide" legal remedies).

In this case, Petitioner had been detained for one year when he filed his petition. This one-year time frame is far short of the lengthy detention period of 35 months found to be unreasonable by the Third Circuit in *Diop*, and the four-year period of detention found to be

unreasonable in *Leslie*. Petitioner's merits hearing was scheduled for October 25th and an end to Petitioner's pre-removal detention is likely forthcoming. Moreover, much of the time that Petitioner has spent in pre-removal, mandatory detention has been due to Petitioner's requests for adjournments and not related to any appeals in which Petitioner has been successful. *See* Section I, *supra*. Accordingly, the Court dismisses this petition without prejudice to Petitioner bringing a new and separate action under either *Diop* or *Zadvydas v. Davis*, 533 U.S. 678, 121 S.Ct. 2491, 150 L.Ed.2d 653 (2001) (holding that post-removal-period detention contains implicit reasonableness limitation and that the presumptive limit for post-removal-period detention is six months) in the event the facts and circumstances of Petitioner's custody and detention by the ICE should change in the future.[2]

### III. CONCLUSION

For the foregoing reasons, the Court denies Petitioner's application for habeas relief pursuant to 28 U.S.C. § 2241. However, the denial is without prejudice to the filing of another § 2241 petition should Petitioner's detention become unreasonable. An appropriate Order follows.

Dated: 12/13/2013

JOSE L. LINARES
United States District Judge

---

[2] The Court further notes that should a final order of removal be entered against Petitioner, the basis of his detention changes, and Petitioner would be subject to mandatory detention under 8 U.S.C. § 1231(a)(2), for a 90–day removal period. After the 90–day removal period expires, the Government may continue to detain Petitioner pending removal or release Petitioner under supervision. 8 U.S.C. § 1231(a)(6). However, this post-removal-period detention provision contains an implicit reasonableness limitation, which the Supreme Court has held to be a presumptive limit of six months. *Zadvydas*, 533 U.S. at 678.